[No. 4,424.]

## EDWARD MARTIN *v.* GEORGE H. MATFIELD, ALICE MATFIELD, HIS WIFE, AND OTHERS.

NEW TRIAL.—Insufficiency of the evidence to justify the judgment is not a ground of motion for a new trial. It is insufficiency of the *evidence* to justify the *verdict*, or other decision of *fact* upon which a new trial must be asked.

GROUND OF NEW TRIAL.—That a judgment is against law is not a ground of motion for a new trial. That a verdict, or other decision of fact is against law, is a ground of motion for a new trial.

CORRECTION OF JUDGMENT BY APPEAL.—If a judgment is other than that resulting from the conclusions of law arrived at by the Court it cannot be corrected by an appeal from an order granting or denying a new trial, but must be reached by an appeal from the judgment.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

The defendants, Matfield and wife and Winston, and John King, executed a mortgage to the plaintiff on a tract of land, to secure the promissory note of the husband, Winston, and King. This action was commenced to enforce

the mortgage. King died before the suit was commenced, and his administrator was made a party defendant. Mrs. Matfield answered separately, and alleged that she owned, as her separate property, an undivided one fourth of the land mortgaged, and that she signed the mortgage as an accommodation to the makers of the note, and received no consideration therefor; and that the three fourths undivided of the mortgaged property could be sold separately without injury to the parties, and without pro rata diminution of the price, if sold as a whole; and asking that the interest of the makers of the note in the land be sold first; and if the proceeds were insufficient to pay the debt, that then her undivided one fourth be sold. The Court entered a decree, requiring the interest of the makers of the note in the land to be sold first, provided it brought enough to pay the debt; but if it did not, that then the entire tract be sold. The defendants other than Mrs. Matfield and her husband, were dissatisfied with this, and moved for a new trial, which was granted by the Court. She appealed from the order granting a new trial.

The Court gave as a reason for granting a new trial, the supposed error in permitting the interest of Mrs. Matfield in the land to be sold separately.

The other facts are stated in the opinion.

*A. Brunson,* for the Appellant.

*V. E. Howard* and *M. J. Newmark,* for the Respondents.

By the Court, WALLACE, C. J.:

The findings of the Court below were, in substance, that the allegations of the complaint are true in point of fact. The conclusion of law deduced by the Court from the facts as found was, that the plaintiff is entitled to the relief sought by his complaint. Inasmuch as there is no question as to the sufficiency of the complaint, as the foundation of the relief therein demanded, it is evident that, if an error of law was committed, it must have been committed

in some of the proceedings resulting in the findings of fact. Certain of the defendants moved for a new trial, and in their notice of intention they put their motion upon the following grounds: "Insufficiency of the evidence to justify the judgment, and that it is against law." The motion was supported by a bill of exceptions. An order was entered granting the motion, and the defendant Matfield brings this appeal from the order.

1. The insufficiency of the evidence to justify the judgment is not a ground of motion for a new trial. Such a motion is not directed at the judgment, but at the verdict, or other decision of fact, for a new trial is a re-examination of an issue of fact. (Code Civ. Proc. Sec. 656.)

2. That a judgment is against law is not ground for a motion for a new trial. A verdict or other decision of fact, may be set aside, and a new trial granted, if such verdict or decision of fact be against law (section 656, *supra*, subdivision 6); that is, if an error of law be committed resulting in an erroneous decision of fact. If the decree in this case, as entered of record, be other than that resulting from the conclusions of law arrived at by the Court below, we cannot correct it upon this appeal, inasmuch as the appeal is taken only from the order granting a new trial.

Order reversed. Remittitur forthwith.


Rhodes, J., concurring:

Appeal from an order granting a new trial. Certain of the defendants gave notice that they would move for a new trial on the following grounds: "Insufficiency of the evidence to justify the judgment herein, and that it is against law." Neither of those are statutory grounds. The judgment does not, in any case, rest on the evidence, but on the verdict or other decision of issues of fact, together with any admissions there may be in the pleadings. The grounds of the motion should have been directed at the finding.

When the application for a new trial is made for the sixth cause mentioned in section six hundred and fifty-seven (Code C. P.) viz: insufficiency of the evidence to

justify the verdict or other decision, or that it is against law—and is based on a bill of exceptions, as in this case, the grounds must be stated in the bill of exceptions. It may be conceded—without deciding the point—that the settlement of the bill of exceptions without objection to the notice was a waiver of the objection. The bill of exceptions states, as the first ground of the motion, that "the decree herein is not authorized by the evidence, the findings or pleadings." As was stated in passing on the question of the sufficiency of the notice of the motion, this ground is objectionable, because it does not attack the finding. A new trial is a re-examination of an issue of fact (Code C. P. sec. 656); and when a new trial is granted the finding is set aside, and of course the judgment resting upon it must fall. But the question whether the judgment is authorized by the pleadings or findings, cannot be agitated on the motion for a new trial, for it is not involved in · a re-examination of the issues of fact. The Code has provided other and sufficient modes for the determination of both branches of that question; and it is very clear that the question whether the issues of fact were correctly found, does not depend in any manner on the question, whether a pleading states sufficient facts to entitle a party to the relief granted by the judgment, or whether the issues as found sustain the judgment.

If the word "finding" be read for "decree," in the first ground, the ground will still remain defective, for it does not specify, as is required by section six hundred and forty-eight, (Code C. P.) the particulars in which the evidence is alleged to be insufficient. This requirement is peremptory.

The second and third grounds are also objectionable and are not entitled to be considered, for the reasons already stated.

The fourth ground is that "there is no evidence that the defendant, Alice Matfield, was not a beneficiary of the money for which said note and mortgage were given." The answer to this point is that the finding does not state that fact; and, therefore, it cannot be said that the finding of that fact is not sustained by the evidence.

The seventh ground for a new trial mentioned in section six hundred and fifty-seven, "error in law occurring at the trial, and excepted to by the party making the application," is not included in, and cannot be re-examined upon a specification under the sixth ground, that the finding is against law.

The rule in respect to the specification of the particulars in which the evidence is insufficient to justify the finding of any fact in issue, is very simple, and can readily be followed; and the rule is the same in all cases when there are express findings, without regard to the length of the bill of exceptions. Nor is the rule varied by the statement that the bill of exceptions contains all the evidence in the case; for it is conclusively presumed that it contains all the evidence that relates to, and serves to explain or illustrate the ground specified in the bill of exceptions. Specifications prepared in a form differing in some respects from the statutory form, approaching, but not conforming to the rule—and instances of such are very numerous—lead to a great amount of useless labor on the part of counsel, as well as the Court, and seriously obstruct the Court in reaching the real points in contest.

The Court found "First—That the allegations of the complaint were proven. Second—That no proof, save that in support of the allegations of the complaint was introduced." The matter which the defendants who appealed desire to have corrected, is apparently that portion of the decree which reserves from sale the interest of Alice Matfield in the mortgaged premises until after a sale of the interest of the other mortgagors. It is improper to determine on this appeal, whether the fact as alleged in the complaint that she was the wife of one of the mortgagors, when the mortgage was executed, and did not sign the note for which the mortgage was given (and, of course, was not personally responsible for the money due on it), would entitle her to the relief above mentioned; but it is beyond all question that if the decree be erroneous in that respect, the correction cannot be made on a motion for a new trial.

I concur in the order.

McKINSTRY, J., dissenting:

I dissent. What is a sufficient specification of the deficiencies in evidence, where a party moves for a new trial on the ground that the verdict or decision is not justified by evidence, must depend on the circumstance of each case. Where any evidence is introduced, the moving party should specify which of the facts on which the ultimate conclusion of the Court is based are unsustained by evidence; and perhaps should point out the particulars wherein the evidence fails to sustain the facts specified. But where, as in the present case, there is no evidence to sustain any of the findings of fact, it is enough to say that the decision is not justified by evidence.

The substitution of the word "judgment" for "decision," in the notice of intention to move for a new trial, or of "decree" for "decision" in the bill of exceptions, should not deprive the moving party of the benefit of his motion; this because it was not necessary (no evidence having been given) to specify which of the findings were unsustained by evidence.

Mr. Justice CROCKETT did not express an opinion.