65   259
83   451
65   259
96    30

[No. 9,428.  Department One. — May 20, 1884.]

## E. D. SAWYER ET AL., APPELLANTS, v. B. S. SARGENT, RESPONDENT.

NEW TRIAL—PRACTICE — VACATING JUDGMENT. — Proceedings for a new trial cannot be initiated by a notice of motion to vacate and set aside the *judgment*, on the ground of insufficiency of the evidence to justify the *judgment;* nor can such motion be based on the ground that the *judgment* is against law. The motion should be directed at the *decision.*

ID. — STATEMENT—CERTIFICATE OF JUDGE. —A statement on motion for new trial, not signed nor certified by the judge of the court below, will not be considered by the appellate court.

APPEAL from an order of the Superior Court of San Diego County granting a new trial.

The facts are stated in the opinion of the court.

*Will. M. Smith,* for Appellants.

*Conklin & Hunsaker,* and *Works & Titus,* for Respondent.

The COURT. — The *decision* may be set aside and a new trial granted for certain causes. (Code Civ. Proc. §§ 656, 657.)

The "decision" consists of findings of fact and conclusions of law. (Code Civ. Proc. §§ 632, 633.)

In the transcript before us the notice of intention to move for a new trial is, " the attorney for the plaintiff will take notice that the defendant intends to move the court to vacate and set aside the *judgment,* and to ask for a new trial, upon the following grounds: (1) Insufficiency of the evidence to justify the *judgment,* and that the judgment is against law. (2) Errors in law occurring at the trial," etc.

Insufficiency of the evidence to justify the judgment is not a statutory cause on which to base a motion for a new trial, nor can such motion be based on the ground that the *judgment* is against law. The motion should be directed at the decision. (*Martin* v. *Matfield,* 49 Cal. 42.) As the proceedings leading to an application for a new trial are initiated only by a motion to set aside the *decision,* it follows that they cannot be commenced by notice of motion to vacate and set aside the judgment.

The statement on motion for new trial (so called) in the transcript, cannot be considered by this court. It is not signed nor certified by the judge of the court below. ₜ(Code Civ. Proc. §§ 659, 660; *Smith* v. *Davis,* 55 Cal. 26.)

The order granting a new trial must be reversed, because there was no notice or statement such as authorized the court below to act upon the motion.

The order was not made by the court on its own motion. It does not purport to be such an order, but was made on the application of the defendant.

Order reversed.