[No. 9820.  Department Two.—September 25, 1885.]

# THE BOSTON TUNNEL COMPANY, RESPONDENT, v. ADAM McKENZIE ET AL., APPELLANTS.

NEW TRIAL—INSUFFICIENCY OF EVIDENCE—JUDGMENT—DECISION.—A motion for a new trial cannot be based on the ground of the insufficiency of the evidence to justify the judgment, nor on the ground that the judgment is against law. The motion should be directed to the decision and not the judgment.

ID.—NOTICE—FINDINGS.—A notice of motion for a new trial, which specifies as a ground for the motion insufficiency of the evidence to support or justify the findings, is a valid notice under section 657 of the Code of Civil Procedure.

ATTORNEY—AUTHORITY TO PROSECUTE ACTION PRESUMED—DISMISSAL.—An action regularly instituted by an attorney is presumed to be with the consent of the plaintiff; and until his want of authority is established, the defendant cannot have the action dismissed by showing that the plaintiff does not desire to maintain it, the attorney opposing the dismissal.

CORPORATION—HOW EXISTENCE PROVED.—In an action by a corporation brought in the county in which its original articles of incorporation are filed, a copy certified by the secretary of State of the certified copy of such articles on file in his office is admissible in evidence to prove the organization of the corporation.

ID.—OFFICER—STOCKHOLDER—PAROL EVIDENCE.—A question arose incidentally as to whether a witness for the corporation was an officer and stockholder. *Held,* that parol evidence was competent to prove the fact.

TAXATION—SALE FOR EXCESSIVE AMOUNT—JURISDICTION.—A tax sale for an amount in excess of what is lawfully chargeable is without jurisdiction and void.

JURY TRIAL—WHEN WAIVED.—In an action at law, a jury is waived, if on the day set for the trial the parties appear, and a trial is had before the court without objection.

APPEAL from a judgment of the Superior Court of Tuolumne County, and from an order refusing a new trial.

The facts are stated in the opinion.

*F. D. Nicol,* for Appellants.

*Street & Street,* and *E. A. Rodgers,* for Respondent.

SEARLS, C.—Ejectment to recover a mining claim. Plaintiff had judgment.

Plaintiff is a corporation. In 1877 the demanded property was assessed for the purpose of taxation, to the Boston Tunnel Company. The taxes under such assessment not having been paid, the mining claim was sold on the 2d day of March, 1878, by the tax collector, to John Reister, who received a certificate of sale, and in due time a tax deed of the premises, under which he entered into possession. Defendants hold under the title thus acquired.

Defendants appeal from the final judgment and from an order denying a motion for new trial.

Respondent objects to a consideration of the statement on motion for new trial, on the ground that the notice of motion was to the effect that appellants would ask the court to vacate the judgment herein, and as one of the grounds of the motion specified the "insufficiency of the evidence to justify the judgment, and that it is against law."

Objection was made at the proper time and in the court below, to the sufficiency of the specifications as a foundation for the motion. *Martin* v. *Matfield,* 49 Cal. 42, and *Sawyer* v. *Sargent,* 65 Cal. 259, are relied upon to sustain the objection.

In the case first above cited it was said: "Insufficiency of the evidence to justify the judgment is not a ground of motion for a new trial. Such a motion is not directed at the judgment, but at the verdict, or other decision of fact, for a new trial is a re-examination of an issue of fact. (Code Civ. Proc. § 656.) That a judgment is against law is not ground for a motion for a new trial."

In *Sawyer* v. *Sargent,* it was held that a motion for new trial cannot be based on the ground of the insufficiency of the evidence to justify the judgment, nor can it, says the court, be based on the ground that the judgment is against law. The motion should be directed at the decision, and not the judgment.

It follows that in the present case the motion so far as it is urged against the judgment is irregular.

We find, however, that the fourth specification in appellants' causes, for asking for a new trial, is as follows: "Insufficiency of the evidence herein to support or justify the findings of the court."

This specification is sufficient in form, and is directed to the decision as required by section 657 of the Code of Civil Procedure.

The answer of defendants after denying plaintiff's ownership and right to possession of the demanded premises, and setting up title in themselves, proceeds to set out that the action is not prosecuted by the consent of the Boston Tunnel Company (a corporation); that it is not the wish of the company that the action should be maintained; that by order of the trustees of said Boston Tunnel Company, a motion was made for the dismissal of the action; that L. Pierce is not, and for many years has not been, the secretary of the plaintiff; that the complaint is not verified by any officer of the corporation, and other allegations of like import, all of which were, on motion, stricken out by the court, and this action is assigned as error. The complaint is signed and the action prosecuted by Street & Street and Edwin A. Rodgers as the attorneys for plaintiff. Their right to institute an action and to conduct the same to a determination in the court is not challenged. Until that is done, we cannot presume that an action regularly instituted by them as attorneys is without the sanction of their client, the plaintiff, and the novel proceeding taken by the defendants to dismiss the action by showing that the corporation plaintiff does not desire to maintain it, while the attorneys of plaintiff, who alone can speak for it in court, are opposing such dismissal, cannot be upheld, and the court was right in striking out that portion of the answer.

There was no error in admitting in evidence "the certified copy of the certified copy of the articles of incorporation of the Boston Tunnel Company."

By section 299 of the Civil Code such certified copy of the certified copy, required to be filed with the county clerk in order to enable a corporation to maintain certain actions, is made evidence equally with the original. It is not in any sense secondary evidence, but is by law made equal in all respects with the original, as evidence.

If it be urged that the county of Tuolumne is the county in which the original articles of incorporation were required to be filed by the corporation plaintiff, that section 299 of the Civil Code makes no provision for filing the copy of the copy of articles in the county where the original articles are filed, and

therefore that the certified copy from the clerk's office of Tuolumne County was not admissible in evidence, we may admit the proposition, and what follows?

Why, simply, that there was in Tuolumne County, where the original articles are filed, no necessity for filing a copy of the articles of incorporation duly certified by the secretary of State. By section 297 of the Civil Code a copy, certified by the secretary of State, is made evidence of the facts therein stated, and if for any purpose it became, or was, proper to prove the organization of the corporation, this copy of a copy, so certified, was proper evidence by which to do so.

The fact that it had been filed in the office of the county clerk of Tuolumne County, where it had no need to be filed, did not militate against it as evidence. If not relevant to any issue made in the pleadings its introduction could do no harm to appellants.

Objection is made that one L. Pierce, a witness, called on the part of plaintiff, was permitted to testify that he was a stockholder in the corporation plaintiff, and the secretary thereof. The objection is based upon the fact that the evidence is secondary, the records of the corporation being the best evidence of the facts stated.

The witness was called to prove possession of the demanded premises by defendants, the amount of money expended thereon by plaintiff, and other acts tending to show its prior possession. The fact of his being a stockholder and secretary were doubtless called out for the purpose of showing his position to have been such as to give him opportunities for knowing the property concerning which he testified. Coming thus incidentally in the case, whether for the purpose of identifying the witness, or showing his opportunities for acquiring knowledge, it was not necessary to resort to the records of the corporation to prove the facts against which appellants' exception is directed. It was proper for such purpose to propound the questions and show by the answers that the witness was a *de facto* officer and stockholder in the corporation.

The answer of defendants, that the action was not commenced and is not prosecuted by the direction or with the consent of the Boston Tunnel Company, having been stricken out by the

court on motion, there was no error in refusing to permit defendants to introduce evidence tending to prove the defense thus stricken out.

Defendants offered in evidence as a part of their chain of title to the demanded premises, a certificate of sale by the tax collector and a tax deed of the premises. These were admitted, subject to be stricken out, and before the cause was finally submitted were stricken out by the court. In this there was no error.

The certificate shows that for the year 1877 the demanded property was assessed to Boston Tunnel Company, and valued at $550. It recites the rate of taxation and the amount of the tax at $14.58, the addition of five (5) per cent, and making the total amount thereafter due for State and county taxes $15.30. It then recites that John Reister was the bidder who offered to take, etc., "and pay the taxes and costs due thereon, including $2 for this certificate, amounting in all to $25.31." That the property was thereupon struck off to him for said taxes who paid the full amount of said taxes, costs, and charges, and therefore became the purchaser.

The description of the property is as follows:—

"Possession of interest and claim to Grant Mine in District No. 2, in Table Mountain, near Jeffersonville; bounded east by the Rosedale Ranch, north by the Down East Claim, south by D. T. Hughes & Co.'s Mine; containing about 3,000 feet, and known as the Boston Tunnel Mine; improvements thereon consisting of whim-house and car."

The sale occurred March 2, 1878, and the certificate is dated March 4, 1878.

By section 3776 of the Political Code, the certificate of sale is required to be "dated on the day of sale, stating (when known) the name of the person assessed, a description of the land sold, the amount paid therefor, that it was sold for taxes, giving the amount and year of the assessment, and specifying the time when the purchaser will be entitled to a deed."

Section 3786 of the same Code provides that "the matters recited in the certificate of sale must be recited in the deed."

The tax deed fails to recite the amount for which the property was assessed. In reference to the sum for which it was sold, it

first recites that the tax with five per cent added was $15.30, and that the property was struck off and sold to John Reister for the sum of $15.30, the said John Reister being the only person who would ·. . . . and pay the amount of said taxes, five per cent costs and accruing costs, amounting to the sum of $37.96, being the price paid for the same.

We think it is apparent from the certificate of sale and tax deed taken together:—

*First*—That the tax was $15.30, and *second,* that the property was sold for a sum greatly in excess thereof. Whether for $25.31, as specified in the certificate, or for $37.96, as specified in the deed, matters not.

In *Treadwell* v. *Patterson,* 51 Cal. 637, it was held that a sale for anything more than is lawfully chargeable is a sale without jurisdiction, and therefore void. *Bucknall* v. *Story,* 36 Cal. 67, is to the same effect.

Tested by the rule laid down in those cases, the sale was void.

The other objections to the deed and certificate of sale need not be noticed. .

The objection that the cause was tried by the court without a jury comes too late.

The cause was by consent of counsel set down for trial on a day certain. On that day counsel for defendants appeared and the cause was tried by the court without objection, and without a jury having been demanded. A jury was thereby waived. (*Greason* v. *Keteltas,* 17 N. Y. 491; *Black* v. *White,* 37 N. Y. 320; *Bradley* v. *Aldrich,* 40 N. Y. 504; *West P. F.* v. *Reymert,* 45 N. Y. 703; *Lewis* v. *Mott,* 36 N. Y. 395.)

We find nothing in the other objections urged requiring attention, and are of opinion the judgment and order appealed from should be affirmed.

Foote, C., and Belcher, C. C., concurred.

The Court.—For the reasons given in the foregoing opinion the judgment and order are affirmed.