(February 20, 1888.)

## CURTIS v. WALLING.

[18 Pac. 54.]

MOTION FOR NEW TRIAL—INSUFFICIENCY OF EVIDENCE NOT GROUND TO JUSTIFY.—Insufficiency of the evidence to justify the judgment, and objections to the judgment as being contrary to law, are not grounds upon which a motion for a new trial can be granted.

CONCLUSIONS OF LAW—AMENDING—FINDING OF FACTS.—It is not error for the court to amend its conclusions of law after they are filed and before entering judgment, or to vacate an order directing judgment to be entered for a certain amount, and thereafter render judgment for a different amount when the findings of fact warrant it.

VOLUNTARY APPEARANCE—WAIVER.—Voluntary appearance of attorney and participation in the argument of a motion waives notice of such motion.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

D. P. B. Pride, for Appellant.

After findings are filed, they cannot be reversed or different findings substituted. (*Prince v. Lynch,* 38 Cal. 528, 99 Am. Dec. 427, and note; Hayne on New Trial and Appeal, sec. 247.) After the report of the referee had been approved by the court, and judgment had been entered up accordingly, it was too late

to amend the findings. (*Pico v. Sepulveda,* 66 Cal. 336, 5 Pac. 515.) A judgment which is not what it should have been can be reformed only in a direct proceeding brought for that purpose. (*Hobbs v. Duff,* 43 Cal. 485.) When a judgment-roll contains defective findings, a motion for a new trial is proper. (*Knight v. Roche,* 56 Cal. 15; *Soto v. Irvine,* 60 Cal. 436; *Brown v. Burbank,* 59 Cal. 535; *Warner v. Holman,* 24 Cal. 228; *Lucas v. San Francisco,* 28 Cal. 591.)

R. Z. Johnson and Huston & Gray, for Respondent.

During the term of court the records and judgment are within the control of the court, and may be altered, revised, revoked or amended. (Freeman on Judgments, secs. 69-71, 90, 93; *De Castro v. Richardson,* 25 Cal. 49; *Doss v. Tyack,* 14 How. 297; *Bell v. Thompson,* 19 Cal. 706; *Goddard v. Ordway,* 101 U. S. 752.) Amendments may be made at any time, the data being in the record to amend by. (Freeman on Judgments, sec. 72; *State v. Hurlstone,* 92 Mo. 327, 5 S. W. 38; *Calvert v. Nickles,* 26 S. C. 304, 2 S. E. 116; *Beatty v. Dixon,* 56 Cal. 619; *Swain v. Naglee,* 19 Cal. 127; *Solomon v. Fuller,* 14 Nev. 63; *Sheldon v. Gunn,* 57 Cal. 40.) It was proper for the court to disregard the erroneous conclusions of the referee, and render the proper judgment in place of a judgment founded on the report. (*Sartor v. Strassheim,* 8 Colo. 185, 6 Pac. 215; *Calderwood v. Pyser,* 31 Cal. 337; *State v. Hurlstone,* 92 Mo. 327, 5 S. W. 38; *Bixby v. Bent,* 59 Cal. 531.) A party who appears and contests a motion cannot object, on appeal, that no notice of motion was served on him. (Wade on Notice, secs. 1203, 1189; *Reynolds v. Harris,* 14 Cal. 677, 76 Am. Dec. 459; *Williams v. Miller,* 1 Wash. Ter. 88; *Ex parte Cottrell,* 59 Cal. 419.)

BUCK, J.—This is a suit in equity, brought by the plaintiff, claiming to be a cotenant in a certain water ditch, and praying for an accounting by his cotenant, the defendant. It was tried at the April term, 1887, of the district court in Ada county, second judicial district, and a decree entered adjudging the plaintiff to be the owner of one-fifth of said ditch. At the same term Jonas W. Brown was appointed referee to take an accounting between the plaintiff and defendant, and report

his findings of fact and conclusions of law. At the October term, 1887, the report of the referee was filed and approved, and it was ordered that judgment be entered in accordance therewith for the sum of $1,127.45. On the same day, to wit, October 1, 1887, the plaintiff made a motion that the judgment herein be set aside, and the report of the referee herein be amended by setting aside the conclusions of law, and render judgment upon the facts reported; and thereupon the court ordered that the conclusions of law herein, and the order for judgment heretofore entered, be set aside, and judgment be, and is hereby, entered upon the findings of fact of the referee for plaintiff, and against defendant, for the sum of $1,382.22. The cause comes into this court on appeal from the said judgment, and from the order of the court overruling the motion for a new trial. The errors assigned in appellant's brief are: 1. That the court erred in overruling the motion for a new trial; 2. That it was error in the court, after having approved the report of the referee, and judgment having been entered up accordingly by the clerk for $1,127.45 and costs, to set the same aside, and enter a new judgment for the sum of $1,382.22 and costs; 3. That the court erred in setting aside said judgment, and ordering the report of the referee to be amended by setting aside the conclusions of law, inasmuch as there was no legal service of order upon defendant to show cause; 5. That the judgment is not supported by the findings. The fourth suggestion of error by appellant is that the proper relief of plaintiff from the judgment of $1,127.45 which he claims was first entered was a motion for a new trial. This will be disposed of in the consideration of the other specifications of error.

The motion for a new trial was based on the following specifications of error: 1. That the evidence does not support the judgment; 2. That the judgment is contrary to law. Neither of these objections can be considered on a motion for a new trial, and the motion was properly overruled. (Hayne on New Trial and Appeal, sec. 96; *Martin v. Matfield,* 49 Cal. 42; Code Civ. Proc., sec. 4439.)

The second assignment of error seems at variance with the record in its recital of facts. The judgment-roll shows but one judgment in the case. Prior to the entry of such judg-

ment, the court had made an order that the report of the referee be approved, and that judgment be entered in accordance therewith for the sum of $1,127.45. This was simply a direction to the clerk to enter judgment, but did not constitute a judgment. Afterward, on the same day, the court made a second order that the conclusions of law therein, and the order for judgment heretofore entered, be set aside, and that judgment be, and is hereby, entered upon the findings of fact of the referee for plaintiff, and against the defendant, for $1,382.22. That part of appellant's argument upon the power of a court to amend its findings cannot be considered, for the reason that the record fails to show that the findings were amended after judgment was entered.

The point is made that the order setting aside the conclusions of law of the referee, and for entry of judgment first made, was error, because no notice of said motion was served upon the attorney of defendant. The record shows, as recited in such order, that the attorney for defendant appeared and contested such order. Such appearance, unless made specially, would constitute a waiver of notice, if one was necessary; and this objection is therefore without merit. (Wade on Notice, secs. 1189-1204; *Reynolds v. Harris,* 14 Cal. 677, 76 Am. Dec. 459.)

The last objection urged by the appellant is that the judgment is not supported by the findings. The findings of fact of the referee, and conclusions of law, were adopted by the court. The order of the court was not that the findings of fact be changed, but that the order, so far as it affected the conclusions of law, be set aside. (Hayne on New Trial and Appeal, secs. 243-247; *Bixby v. Bent,* 59 Cal. 532.) We think the court had authority to change its conclusions of law and that there was no error in doing so. The judgment is affirmed.

Hays, C. J., and Broderick, J., concurring.