JOSEPH H. SLATER, RESPONDENT, *v.* UNION PACIFIC RAILWAY COMPANY, APPELLANT.

NEW TRIAL.—STATEMENT.—SPECIFICATION OF ERRORS.—Where the statement upon motion for a new trial does not appear to have been settled by the trial judge, and signed by him, and does not contain any specification of errors; *held* that the granting of a new trial upon such a statement was error.

APPEAL from an order granting a new trial of the district court of the third district. The opinion states the facts, except the following section of the statute: § 3402, 2 Comp. Laws, 1888.

If the motion is to be made on a statement of the case, the moving party must, within ten days after the service of the notice (of motion for new trial) prepare a draft of the statement and serve the same on the adverse party. The opposite party has the like time to propose and serve amendments upon the moving party. Then the proposed statement and proposed amendments must be submitted to the trial judge, and when settled by him, must be signed by him with his certificate that the same is allowed. When the notice of motion designates as ground for the motion errors in law occurring at the trial, the statement must specify the particular errors upon which the moving party will rely. When the notice of motion specifies insufficiency of the evidence to support the judgment, the statement must specify the particulars wherein the evidence is alleged to be insufficient. If no such specifications be made, the statement shall be disregarded upon the hearing of the motion.

*Mr. Parley L. Williams,* for the appellant.

*Messrs. Baldwin and Tatlock,* for the respondent.

BLACKBURN, J.:

The respondent sued the appellant for damages caused by its servants in running its engines and cars. At the trial, when the plaintiff had rested, the defendant moved for a nonsuit, which was granted. Afterwards respondent made motion for a new trial, which was granted, and from the order granting a new trial defendant appeals. The evidence given is not in the record, nor was it in the statement on motion for a new trial. The respondent contends that this appeal should be dismissed, because no motion was made for a new trial, but only a motion to set aside the nonsuit, and the order, in such case, cannot be appealed from. This contention is not supported by the record. There is no order in the record setting aside the nonsuit, but there is an order expressly granting a new trial, and from that order an appeal properly lies. If the respondent did not make a motion for a new trial, and does not want a new trial, why object to reversing the order granting a new trial?

The respondent proposes amendments to the abstract filed by appellant, and appellant asks to have it denied, because the statements contained in it are no part of the record, and are not in the transcript. I do not think this amendment should be allowed. It is no part of the record; it is not in the transcript. It does not purport to be a part of the record. It is simply a statement by the judge who tried the case of what occurred at the hearing on the motion for a new trial. There is in the record what purports to be a statement on motion for a new trial, but it is only signed by the attorneys for the respondent, and it is not authenticated, nor does it purport to have been settled by the judge, nor does it contain any specifications of the errors upon which the motion for a new trial is based. The contention of the appellant is that as no statement on motion for a new trial was made and allowed, as

required by Comp. Laws Utah, § 3402, subd. 3, and as such pretended statement contains no specifications of errors upon which the motion for a new trial is based, the order granting a new trial is erroneous, and ought to be reversed. It is held in California, on a statute like ours, that any statement on motion for a new trial, if not certified to by the judge, is nugatory, and, if the court grants a new trial on such a statement, the order granting it should be reversed on appeal. *Sawyer* v. *Sargent,* 65 Cal. 259, 3 Pac. Rep. 872. The court says in that case: "The order granting a new trial must be reversed, because there was no motion or statement such as authorized the court below to act upon the motion." To like effect is *Adams* v. *Dohrmann,* 63 Cal. 417; *Schreiber* v. *Whitney,* 60 Cal. 431; *Budd* v. *Drais,* 50 Cal. 120; *Villac* v. *Biven,* 28 Cal. 410; Hayne, New Trials & App. § 157. We see no reason why these authorities should not be followed. The provisions of the statute are intended to be enforced, and attorneys should see to it that they are complied with. The order granting a new trial is reversed.

ZANE, C. J., and MINER, J., concurred.