## HAIGHT v. TRYON.

### No. 14,974; November 10, 1893.

34 Pac. 712.

**New Trial.—A Notice of Motion for a New Trial, Directed** against the "findings" rather than against the "decision" of the court, is sufficient, as under Code of Civil Procedure, sections 632, 633, the findings constitute the decision.

**Pleading—Cross-complaint—Admission by Failure to Answer.—** In an action for partnership accounting defendant filed a "cross-complaint" which related to the partnership transaction set forth in the complaint, alleged the partnership contract in somewhat different terms, and contained only matters in avoidance, or constituting a defense or counterclaim. Held, the averments of the cross-complaint were not admitted by failure of plaintiff to answer, as the cross-complaint was really an answer to the complaint, and therefore its averments were deemed controverted under Code of Civil Procedure, section 462.

**Evidence—Sufficiency to Sustain Findings.—The Evidence was Insufficient** to justify findings in accordance with the averments of the cross-complaint where the evidence on the part of plaintiff was positive that there was no such contract between the parties as that alleged in the cross-complaint, and defendant merely testified that the cross-complaint was true.

APPEAL from Superior Court, Del Norte County; James E. Murphy, Judge.

Action by Daniel Haight against Dennis Tryon for partnership accounting. From a judgment for defendant and an order denying a new trial plaintiff appeals. Reversed.

R. W. Miller for appellant; L. F. Cooper and Sawyer & Burnett for respondent.

BELCHER, C.—This is an action for an accounting between partners. The material facts set out in the complaint may be briefly stated as follows: On or about the first day of March, 1885, the plaintiff and defendant, at the county of Del Norte, in this state, entered into a verbal contract whereby they agreed to go into the business of buying, slaughtering and selling beef cattle and mutton sheep, and to divide the profits of the business equally between them. In

pursuance of this contract they commenced the said business, and carried it on until February, 1888, when they discontinued it. Plaintiff put into the business a certain amount of money and a certain number of cattle and sheep and certain merchandise, and the defendant put in a certain amount of money and a certain number of cattle and sheep. From the sales the plaintiff received a certain sum of money, and the defendant a larger sum. During the continuance of the business the animals were all disposed of except four head of cattle, of the value of $100, which defendant converted to his own use. No accounting has ever been had, and there is left in the hands of defendant the sum of $3,799.84, and $100 for the said cattle appropriated by him to his own use, one-half of which sums is due and owing to the plaintiff; wherefore plaintiff prays for an accounting and judgment. The defendant answered the complaint, denying that he entered into the contract set out therein, and averring that on or about the twentieth day of February, 1885, at the county of Curry, state of Oregon, plaintiff and defendant entered into a verbal contract whereby they agreed to furnish Charles Tryon and Ben Adams money, cattle and sheep that they might enter into the business of buying, pasturing, selling and slaughtering beef cattle and sheep; that the profits and losses were to be shared equally between plaintiff and defendant after defendant Tryon should receive from plaintiff Haight $1,000 per year for the use of his ranch in Curry county, Oregon. Then follow denials of most of the other allegations of the complaint, and an averment that defendant put into the business the sum of $7,000. The answer prayed for an accounting, and that defendant have judgment against the plaintiff for the amount found due. At the time of filing the answer the defendant also filed a separate paper, denominated a ''cross-complaint,'' in which he set forth that on or about the twentieth day of February, 1885, at the county of Curry, state of Oregon, plaintiff and defendant entered into a verbal contract whereby they agreed to furnish Charles Tryon and Ben Adams money, cattle and sheep for them to enter into the business of buying, slaughtering and selling cattle and sheep; that the cattle and sheep were to be kept on Lone ranch, a large farm in said county of Curry, then and up to November, 1888, owned by defendant, and out of the said business defendant was to receive first $1,000 per year

for the use of said ranch or farm, and, after said sum was paid to him, the plaintiff and defendant were to share between them the profits and losses of such furnishing; that the said business was carried on by Charles Tryon and Ben Adams up to about the month of August, 1885, when plaintiff and defendant, finding they were losing money, took it away from them, and continued and carried it on on their own account and in their own names until November 5, 1888; that the ranch was so used from February 20, 1885, to November 5, 1888, and defendant received no rent therefor; that, in addition to the use of the ranch, defendant advanced money, cattle and sheep to carry on the business, amounting with the rent of the ranch to $7,000; that the plaintiff did not advance to carry on the business in money, cattle and sheep over $1,057.55, and that there is due from plaintiff to defendant, under their agreement, the sum of $5,942.45; that the business was conducted at a loss, and was discontinued on November 5, 1888, and that no accounting has ever been had; that three head of cattle remain undisposed of, one in possession of plaintiff and two in possession of defendant. The defendant then prays for an accounting of all the transactions between the parties; that he have judgment against the plaintiff for $5,-942.45; that any property remaining be sold, and the proceeds paid into court; and for general relief. The plaintiff demurred to the cross-complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and the demurrer was overruled. No answer to the cross-complaint was filed. Upon the issues thus framed the case was tried, and the court found that there was due from the plaintiff to the defendant the sum of $2,500, for which sum judgment was entered in favor of the defendant. From this judgment and an order denying his motion for a new trial the plaintiff appeals.

The notice of motion for a new trial stated that the motion would be made upon the grounds, among others, "that the evidence is insufficient to justify the findings," and "that the findings are contrary to the evidence." It is claimed by the respondent that such a notice should be directed against the "decision" of the court, and not against the findings, and hence that the notice was insufficient, and the motion was therefore properly denied. This claim is clearly untenable.

Under our statute the findings constitute the decision (Code Civ. Proc., secs. 632, 633; Sawyer v. Sargent, 65 Cal. 259, 3 Pac. 872), and it has been held that such a notice as that given here complies with the requirements of the code and is sufficient: Boston Tunnel Co. v. McKenzie, 67 Cal. 485, 8 Pac. 22.

It is further claimed that the cross-complaint was a proper pleading in the case, and, no answer to it having been filed, that its averments were admitted, and no evidence in support of them was necessary; and hence that the findings cannot be assailed for want of evidence to justify them. And upon this theory the court below seems to have based its decision, the principal averments and findings, except as to the amount due, being in almost identically the same language. This claim is also, in our opinion, untenable. The so-called "cross-complaint" was not in fact, as we think, a cross-complaint, or anything more than an answer. It related to the transaction set forth in the plaintiff's complaint, the partnership between the parties, though alleging in some respects different terms, and contained only matters in "avoidance or constituting a defense or counterclaim," and was deemed to be controverted by the opposite party: Code Civ. Proc., sec. 462. And the fact that it was called a "cross-complaint" did not make it one. It is immaterial what the defendant called his pleading. Whether he designated it an "answer" or "cross-complaint," its character will be determined by the court from the facts set up: Holmes v. Richet, 56 Cal. 307, 38 Am. Rep. 54; Meeker v. Dalton, 75 Cal. 156, 16 Pac. 764; Mills v. Fletcher, 100 Cal. 142, 34 Pac. 637.

The only question remaining which need be considered is, Did the evidence justify the findings? We do not think it did. The evidence was oral and documentary and was quite voluminous. To state it briefly would require considerable space, and subserve no useful purpose. On the part of the plaintiff it was positive that there was no such contract between the parties as that alleged by the defendant, so far as it related to Charles Tryon and Ben Adams, and to the rent of defendant's Oregon farm, and we are unable to find anything on the other side which can be said to raise a substantial conflict upon these issues. The brief statement by defendant, as a witness, that the cross-complaint was true did not, in our opinion, have that effect. It follows that the judgment and

order should be reversed and the cause remanded for a new trial.

We concur: Temple, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are reversed and the cause is remanded for a new trial.