[S. F. No. 874. Department One.—September 14, 1898.]

R. T. POLK et al., Respondents, v. L. H. BOGGS, Sheriff, etc., et al., Appellants.

FRAUDULENT CONVEYANCES—CONSIDERATION—SINGLE TRANSACTION —SUPPORT OF FINDING.—A finding that conveyances of two parcels of land, which were assailed as being in fraud of the creditors of the grantor, were made for a valuable consideration, is supported by evidence that the conveyances constituted a single transaction, and were made upon a valuable consideration, which applied to both parcels.

ID.—FRAUDULENT INTENT—QUESTION OF FACT—FINDING.—Under section 3422 of the Civil Code, the question of fraudulent intent is one of fact, and a finding that the grantor did not have any intent to hinder, delay, or defeat his creditors, and that he did not make the conveyances with any fraudulent intent, frees the transaction from the claim of invalidity, and precludes the right of the creditors of the grantor to impeach it.

RESULTING TRUST—PAROL EVIDENCE.—A resulting trust may be proved by parol evidence; and the testimony of a husband, showing that one-half of the consideration of a conveyance of land to him was paid by his wife out of her separate estate, establishes a resulting trust in her favor, as to one-half of the land.

ID.—EXECUTION OF TRUST—CONVEYANCE TO CHILDREN OF BENEFICIARY—VERBAL BEQUEST.—A subsequent conveyance by the husband to the children, in execution of the trust, after the wife's death, in pursuance of a previous verbal request made by her. cannot be impeached by proof that the request was verbal.

ID.—EXPRESS TRUST.—The rule requiring a writing to establish an express trust in lands has no application after the trust is executed.

FINDINGS—OMISSIONS—DECISION AGAINST LAW—SPECIFICATION IN NEW TRIAL NOTICE.—The omission to make material findings is a "decision against law," but objection on that ground, to be availed of, must be specified in the notice of intention to move for a new trial, and is not available under a specification that "the *evidence* is against law."

APPEAL from an order of the Superior Court of Lake County, denying a new trial. R. McGarvey, Judge.

The facts are stated in the opinion of the court.

M. S. Sayre, and Thomas B. Bond, for the Appellants.

T. J. Sheridan, for Respondents.

HARRISON, J.—The plaintiffs brought this action to restrain a sale by the sheriff of certain lands in satisfaction of a judgment against their grantor. Judgment was rendered in their favor, and the present appeal is by the defendants from an order denying their motion for a new trial, and is presented upon the ground that the evidence was insufficient to justify certain findings of fact made by the court.

The land involved in the action consists of two parcels of about three hundred and twenty acres called the home place, and another tract of swamp land of about twenty-nine acres, all of which Thomas W. Polk, the father of the plaintiffs, conveyed to them on the 18th of June, 1891, making to each a conveyance of an undivided one-half thereof for the expressed sum of five thousand dollars. The court found that the above conveyances by Polk were for a valuable consideration, and the appellants contend that, so far as the twenty-nine acre tract is concerned, this finding is not sustained by the evidence. In the statement of the case upon which the motion for a new trial was heard, they do not specify the consideration for this parcel of land as one of the "particulars" in which the evidence was insufficient to justify the decision, but state that the evidence is insufficient to show that Polk "sold his interest in said lands to plaintiffs for a valuable consideration." (See *De Molera v. Martin*, 120 Cal. 544.) It is not necessary, however, to rest our decision upon this point, since the record shows that the conveyances of the lands constituted a single transaction and were made upon a valuable consideration. Polk testified that he gave twelve thousand dollars for the home place, and one hundred and fifty dollars for the swamp land. Of the purchase money for the home place six thousand dollars was paid by his wife out of her separate property, and the title to one-half thereof was held by him in trust

for the plaintiffs. The conveyances by him to the children of one-half of the home place were made in execution of this trust, and he sold and conveyed to them the other half of the home place and his interest in the swamp land for the sum of five thousand dollars. He says: " I sold my property to my children. I got five thousand dollars for it. I told them if they would assume a mortgage of four thousand one hundred dollars, which was then on the property, and pay me nine hundred dollars, I would make them a deed to all of it." It was shown by the plaintiffs that they did assume this mortgage and had paid the nine hundred dollars. One of the plaintiffs testified: "My sister and I bought the property in controversy from my father for five thousand dollars." In the absence of any evidence to the contrary, and in weighing the circumstances attending the transactions, the court was authorized to find that the consideration for the conveyances included the swamp land as well as the home place. If the defendants would have had the court find otherwise, it was incumbent upon them, after this testimony had been given, to call the attention of the witnesses to the point, and make it clear to the court that they did not intend to include the swamp land in their testimony concerning the consideration.

The evidence was sufficient to authorize the court to find that Thomas W. Polk held the title to an undivided half of the home place in trust for the plaintiffs. It was not necessary to show that the trust was created by a writing. The admission by him that one-half of the consideration for the purchase was paid by his wife, and that to that extent the purchase was made for her, showed a resulting trust in her favor. (Civ. Code, sec. 853.) Such a trust may be shown by parol evidence, and the subsequent conveyance to the plaintiffs in accordance with her request cannot be impeached by proof that the request was verbal. The provision that an express trust in lands can be created only by writing may be invoked by one who is sought to be charged as a trustee, in order to prevent the establishment of a trust, but has no application after he has executed the trust.

The court finds that in making the conveyance Thomas W. Polk did not have any intent to conceal his property from his creditors, or to hinder or delay or defeat them in the collection of their demands, and that he did not make the conveyances to

the plaintiffs with any fraudulent intent. Under section 3442 of the Civil Code, the question of fraudulent intent is one of fact, and the above finding frees the transaction from the claim of invalidity and deprives the defendants of their right to impeach it.

The objection of the appellants to the failure of the court to make findings of fact upon certain averments in the cross-complaint cannot be considered. Such failure, when the findings are material, is held to be a "decision against law" (*Brison v. Brison,* 90 Cal. 328), but in order that this objection may be considered, it must be designated as one of the grounds in the notice of intention to move for a new trial. The notice in the present case "that the evidence is against law" precludes a consideration of this objection. (*Martin v. Matfield,* 49 Cal. 42.)

The order is affirmed.

Garoutte, J., and Van Fleet, J., concurred.