(May 1, 1909.)

## J. W. CALDWELL, Appellant, v. JOSEPHINE B. WELLS, Respondent.

[101 Pac. 812.]

MOTION FOR NEW TRIAL—SPECIFICATION OF GROUNDS.

1. Insufficiency of the evidence to justify the judgment is not a ground of motion for a new trial.

2. That a judgment is against the evidence and the law is not a ground of motion for a new trial.

3. A motion for a new trial should be directed to the verdict of the jury or the decision of the court, and not to the judgment.

4. A new trial is a re-examination of an issue of fact in the same court after a trial and decision by the court or jury, or referees.

5. "Decision," as used in this statute and as used in the statute providing for giving notice of intention to move for a new trial, means the findings of fact and conclusions of law made by the court, and not the judgment.

6. To entitle an appellant to have this court review the sufficiency of the evidence on an appeal from an order overruling a motion for a new trial, it must appear that the appellant assigned as a ground for granting such new trial that the evidence was insufficient to justify the verdict or decision, or that the verdict or decision was against the evidence and the law; and not that the evidence is insufficient to justify the judgment, and that the judgment is against the evidence and the law.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District, for Elmore County. Hon. Edward A. Walters, Judge.

An action to foreclose a mechanic's and materialman's lien. Judgment for defendant. Plaintiff appeals. *Affirmed.*

W. C. Howie, for Appellant, cites no authorities on points decided.

Daniel McLaughlin, B. F. Griffith, and J. M. Owen, for Respondent.

That "insufficiency in evidence to justify judgment"; that "judgment is against the evidence"; that "judgment is against law,"—are not grounds on which a new trial can be granted. (Sec. 4439, Rev. Codes, 1909; *Curtis v. Walling,* 2 Ida. 416, 18 Pac. 54; *Martin v. Matfield,* 49 Cal. 42.)

STEWART, J.—This is an action to foreclose a mechanic's and materialman's lien under the laws of this state. Upon the issues presented by the pleadings the court submitted certain interrogatories to a jury. The jury made answer to such interrogatories, and the answers were in favor of the defendant. The trial judge adopted the findings of the jury as the findings of the court and entered judgment in favor of the respondent. A notice of intention to move for a new trial was served as follows:

"Take notice, that plaintiff, J. W. Caldwell, intends to move the above-named court to vacate and set aside the judgment rendered in the above-entitled cause, and to grant a new trial of said cause, upon the following grounds, to wit:

"1. Newly discovered evidence material to the plaintiff, which he could not with reasonable diligence have discovered and produced at the trial.

"2. Accident and surprise, which ordinary prudence could not have guarded against.

"3. Insufficiency of the evidence to justify the judgment.

"4. That the judgment is against the evidence.

"5. That the judgment is against law.

"6. Errors in law occurring at the trial, and excepted to by the plaintiff."

A statement of the case on motion for new trial was prepared and settled by the trial judge, and appellant made a motion to vacate and set aside the judgment upon the same grounds as were contained in the notice of intention to move for a new trial. The motion for a new trial was overruled and the plaintiff appeals from the judgment and from the order overruling the motion for a new trial.

The appeal in this case was taken more than sixty days after the entry of the judgment, which precludes the examination of the record as to the sufficiency of the evidence upon the appeal from the judgment. The grounds urged for a reversal depend wholly upon the sufficiency of the evidence, and counsel for respondent contend that the court cannot examine the evidence upon the appeal from the order overruling the motion for a new trial, for the reason that the specifications in the motion for a new trial are insufficient to authorize the granting of a new trial. Specifications:

"3. Insufficiency of the evidence to justify the judgment.

"4. That the judgment is against the evidence.

"5. That the judgment is against law."

Sec. 4439 of the Rev. Codes provides:

"The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party:

"1. Irregularity in the proceedings of the court, jury, or adverse party, or any order of the court or abuse of discretion by which either party was prevented from having a fair trial;

"2. Misconduct of the jury; and when any one or more of the jurors have been induced to assent to any general or special verdict, or to a finding on any question submitted to them by the court, by a resort to the determination of chance, such misconduct may be proved by the affidavit of any one of the jurors;

"3. Accident or surprise, which ordinary prudence could not have guarded against;

"4. Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial;

"5. Excessive damages, appearing to have been given under the influence of passion or prejudice;

"6. Insufficiency of the evidence to justify the verdict or other decision or that it is against law;

"7. Error in law occurring at the trial and excepted to by the party making the application."

It will be seen that the notice of the intention to move for a new trial and also the motion are based upon the third, fourth, sixth and seventh statutory grounds. It is not contended, however, that the record supports the third, fourth or seventh grounds, or that the court would have been warranted in granting a new trial on such grounds, and committed no error in refusing to grant a new trial upon such grounds. The third, fourth and fifth grounds contained in the notice do not fall under the provisions of the sixth statutory ground for a new trial, because the specification of the insufficiency of the evidence to justify the judgment, or that the judgment is against the evidence and law, is not equivalent to saying that the evidence is insufficient to justify the verdict or other decision or that it is against law.

The territorial supreme court in *Curtis v. Walling*, 2 Ida. 416, 18 Pac. 54, held:

"The motion for a new trial was based on the following specifications of error: 1. That the evidence does not support the judgment; 2. That the judgment is contrary to law. Neither of these objections can be considered on a motion for a new trial, and the motion was properly overruled. (Hayne on New Trial and Appeal, sec. 96; *Martin v. Matfield*, 49 Cal. 42; Code Civ. Proc., sec. 4439."

Sec. 4439 of Rev. Codes provides: "The former verdict or other decision may be vacated and a new trial granted . . . . "; and sec. 4438 provides: "A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury or court or by referees."

The decision referred to in these two sections of the statute means the findings of fact and conclusions of law, and

not the judgment. This clearly appears from the provisions of sec. 4406 of Rev. Codes: "Upon a trial of a question of fact by the court, its decision must be given in writing and filed with the clerk within twenty days after the cause is submitted for decision"; and sec. 4407: "In giving the decision, the facts found and the conclusions of law must be separately stated. Judgment upon the decision must be entered accordingly." (See *Sawyer v. Sargent*, 65 Cal. 259, 3 Pac. 872.) An application for a new trial is directed to the verdict of the jury or the decision of the court. The verdict and the decision are supposed to be based upon the facts. The judgment is based upon the verdict, or the decision of findings of the court. If the verdict or findings of the court do not support the judgment, the remedy is not by moving for a new trial. If, however, the verdict or decision of the court are not supported by the evidence, then the remedy is to move for a new trial and this requires a re-examination of the issue of fact. When a new trial is granted, the finding or verdict is set aside, in which case the judgment must also fall. In the case of *Boston Tunnel Co. v. McKenzie,* 67 Cal. 485, 8 Pac. 22, the court says of *Sawyer v. Sargent:*

"It was held that a motion for new trial cannot be based on the ground of the insufficiency of the evidence to justify the judgment, nor can it, says the court, be based on the ground that the judgment is against law. The motion should be directed at the decision, and not the judgment."

This question has been before the supreme court of California in a large number of cases, under a statute identical with that of this state, and the holdings have been uniform upon this question. (*Martin v. Matfield,* 49 Cal. 42; *Quinn v. Smith,* 49 Cal. 163; *Simmons v. Hamilton,* 56 Cal. 493; *Sawyer v. Sargent,* 65 Cal. 259, 3 Pac. 872; *Little v. Jacks,* 67 Cal. 165, 7 Pac. 449; *Boston Tunnel Co. v. McKenzie,* 67 Cal. 485, 8 Pac. 22; *Polk v. Boggs,* 122 Cal. 114, 54 Pac. 536; *Petaluma Pav. Co. v. Singley,* 136 Cal. 616, 69 Pac. 426; *Kaiser v. Dalto,* 140 Cal. 167, 73 Pac. 828; *Swift v. Occidental Min. etc. Co.,* 141 Cal. 161, 74 Pac. 700.)

In the case of *Kaiser v. Dalto, supra,* the supreme court of California enters into a very full discussion of this question. and holds:

"A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a court or jury or by referees. (Code Civ. Proc., sec. 656.) It may be granted on the ground, among others, of 'insufficiency of the evidence to justify the verdict or other decision, or that it is against law.' (Code Civ. Proc., 657, subd. 6.) The phrase 'or that it is against law,' as used in the section, is certainly not a very clear or unambiguous expression. But it must be read in connection with the section immediately preceding it, and, as thus read, be a reason for a re-examination of an issue of fact. If the facts are correctly found, an erroneous judgment is but a wrong legal conclusion from such facts. The question of law as to whether or not the judgment is the correct legal conclusion from the facts found, might have been raised and determined by a motion in the court below (Code Civ. Proc., secs. 663, 663½), or by an appeal from the judgment. Defendants have not availed themselves of either remedy. They cannot now be granted the right to re-examine an issue of fact in order to correct a wrong judgment upon facts which were properly determined. It must now be regarded as the settled rule that where all the issues of fact raised by the pleadings are found upon by the court, and the findings are correct, that an erroneous judgment drawn from those facts cannot be corrected by means of a motion for a new trial."

In the case of *Sawyer v. Sargent, supra,* the supreme court of California said:

"Insufficiency of the evidence to justify the judgment is not a statutory cause on which to base a motion for a new trial, nor can such motion be based on the ground that the judgment is against law."

Whether the judgment is authorized by the findings cannot be raised on the motion for a new trial, for it is not involved in a re-examination of the issues of fact; so in this case it was not error in the trial court to overrule the motion

for a new trial, for the reason that counsel for appellant failed to specify the statutory grounds upon which such motion could be entertained. To have entitled the appellant to have the facts reviewed or have this court determine whether or not the trial court's decision was supported by the evidence, or against the evidence and the law, counsel should have specified in the notice of intention to move for a new trial such matters as grounds for granting a new trial. In other words, the motion should have been directed to the decision of the court, rather than the judgment. Whether the judgment is correct cannot be determined upon a motion for a new trial; whether the decision of the court, as contradistinguished from the judgment, was correct, could have been determined upon motion for a new trial, had such matter been specified as a reason for granting such new trial. Of course in this case the failure to properly specify the insufficiency of the evidence, or that the decision was against law, would not have precluded the court from considering the other proper specifications contained in the notice, had there been anything in the record to support such grounds; but it is admitted by counsel for appellant that the sole and only ground upon which a new trial could have been granted was the insufficiency of the evidence, and that the decision of the court was against the evidence and law, and as these grounds were not specified, the court committed no error in overruling the motion. But, notwithstanding this fact, we have carefully gone through the record in this case and find that the trial court submitted to the jury very exhaustive interrogatories covering all the issues involved in said case and that the jury made answer thereto in favor of the respondent; and that the court adopted such findings of the jury as the findings of the court, and we believe the evidence fully supports such findings, and that, had the motion for a new trial been sufficient, the court would have committed no error in overruling the same.

For these reasons the judgment is affirmed. Costs awarded to respondent.

Sullivan, C. J., and Ailshie, J., concur.