[No. 12792. Department Two. — March 18, 1890.]

## SANTOS MAZKEWITZ, APPELLANT, v. MONICA J. PIMENTEL ET. AL., RESPONDENTS.

NEW TRIAL — NOTICE OF INTENTION — STATEMENT OF GROUNDS — JUDGMENT AGAINST LAW AND EVIDENCE. — The statement of grounds of the motion for a new trial, in the notice of intention, as being "insufficiency of the evidence to support the judgment," and that "the judgment is against law," must be disregarded by the court, as neither of these grounds are by the code made a cause for granting a new trial, and it is error to grant a new trial upon either ground so designated.

ID. — APPEAL — BILL OF EXCEPTIONS — PRESUMPTION AS TO NOTICE OF INTENTION. — When the record upon appeal contains a bill of exceptions, in which is set out what purports to be a copy of the notice of intention to move for a new trial, which designates no proper grounds for the motion, it cannot be presumed, in support of an order granting a new trial, that there was another notice which designated other grounds than those designated in such copy.

APPEAL from an order of the Superior Court of the city and county of San Francisco granting a new trial.

The facts are stated in the opinion of the court.

*Herrmann & Soto*, for Appellant.

*Alexander Campbell, Jr.*, and *O. F. Meldon*, for Respondents.

SHARPSTEIN, J.—This is an appeal from an order granting a motion for a new trial. It appears by a bill of exceptions on the order granting the new trial that the grounds designated in the notice of intention as those upon which the motion would be made were: "1. Insufficiency of the evidence to support the judgment; 2. The judgment is against law; 3. Errors of law occurring at the trial, and duly excepted to by the defendants."

The last is the only one of the designated grounds above stated upon which the court could grant the motion. Neither of the other designated grounds are by the code made a cause for granting a new trial.

We are unable to discover in the transcript that any error in law occurred at the trial to which defendants, or either of them, excepted. In fact we do not find that anything that occurred at the trial was excepted to by either party.

It was, therefore, error to grant the motion for a new trial on this ground, and *a fortiori* on either of the grounds designated in the notice of intention to move for a new trial. (*Sawyer* v. *Sargent,* 65 Cal. 259; *Martin* v. *Matfield,* 49 Cal. 42; *Quinn* v. *Smith,* 49 Cal. 165; *Kelly* v. *Mack,* 49 Cal. 524; *Coveny* v. *Hale,* 49 Cal. 555; *Little* v. *Jacks,* 67 Cal. 165; *Young* v. *Wright,* 52 Cal. 407.)

In the face of these decisions, we cannot feel at liberty to hold that the first and second causes designated in this motion are equivalent to the sixth cause enumerated in the code. Nor can we, with a bill of exceptions in the record which contains what purports to be a copy of the notice of intention given in this case, presume that there was another notice given which designated other causes than those designated in the notice brought here in such bill of exceptions.

We are therefore constrained to reverse the order appealed from in this case.

Order reversed.

THORNTON, J., and McFARLAND, J., concurred.