HAYFORD v. WALLACE.

Sac. No. 79; October 6, 1896.

46 Pac. 301.

Gift of Life Insurance by Husband to Wife.—A voluntary promise on the part of a husband to assign a life insurance policy to his wife, without delivery of possession of the policy, does not constitute a gift to the wife, so as to serve as a valuable consideration for a note subsequently given by the husband to the wife for the proceeds of the policy, which were collected and used by him.

Fraudulent Conveyance.—On the Issue as to the Solvency of the Grantor at the time of a voluntary conveyance, there was evidence that he was a member of a firm whose books showed assets considerably in excess of liabilities, but that the firm shortly afterward assigned for the benefit of creditors, and that the assignee, after

seven years, had been unable to reimburse himself for money advanced to pay firm debts; that judgment was rendered against the grantor on an individual debt, which he compromised for fifty per cent; that he owed several thousand dollars in individual debts, and that he owned an interest in a land speculation, the value of which was placed by witnesses at between $20,000 and $30,000, but which proved worthless. Held, that a finding that the grantor was insolvent was warranted. .

Appeal.—An Assignment of Error That the Findings do not support the judgment cannot be considered on appeal from an order denying a new trial; an appeal from the judgment is necessary.

APPEAL from Superior Court, Placer County; Matt. F. Johnson, Judge.

Action by Abbie A. Hayford against Emeline Wallace. There was a judgment for defendant and from an order denying a new trial plaintiff appeals. Affirmed.

Wallace & Wallace and Henley & Costello for appellant; John M. Fulweiler and Ben. P. Tabor for respondent.

SEARLS, C.—Action to quiet title to separate parcels of land conveyed to appellant by separate deeds. Defendant, as a defense and by way of cross-complaint, averred the tract of land involved in this appeal was conveyed to plaintiff, who is appellant, by W. B. Hayford, her husband, November 7, 1886, without other consideration than love and affection; that at said date said W. B. Hayford was insolvent, and that defendant was a creditor of said Hayford, and that she secured a judgment, under which the land was sold, and she claims title under a sheriff's deed, etc. Defendant also pleaded actual fraud on the part of Hayford, and knowledge thereof on the part of his wife. Defendant had a decree in her favor as to the land conveyed to plaintiff December 7, 1886. Plaintiff moved for a new trial, which was refused, and this appeal is from the order of refusal. The court found, among other things: (1) That W. B. Hayford, the husband of plaintiff, on the seventh day of December, 1886, conveyed the land in question to the plaintiff, who entered into possession. (2) That the only consideration for the conveyance was love and affection, and there was no valuable or money consideration therefor. (3) That at the time of such conveyance W. B. Hayford was insolvent, and unable to pay his debts, and

among his creditors at that time was the defendant, Emeline Wallace, to whom he was indebted in the sum of $2,500 upon two promissory notes of $1,250 each. (4) Hayford did not execute the deed to his wife in contemplation of insolvency, or to hinder, delay or defraud his creditors. (5) Plaintiff did not know, at the date of the execution of the deed, that her husband was insolvent, and did not accept the deed with knowledge of any fraudulent intent on the part of her husband.

The second of the foregoing findings is assailed upon the ground that the evidence is insufficient to justify the finding "that love and affection was the only consideration for the deed, and that no valuable nor money consideration was paid therefor." It is true, there was evidence tending to show that W. B. Hayford, who was a merchant at Colfax, and a member of the firm of Hayford, Perkins & Co., held a policy of insurance upon his life, payable, about 1883, to his then wife, or, in case of death, to said Hayford. His wife died, and he intermarried with the plaintiff and appellant in 1876. The plaintiff testified that the first year of their marriage her husband told her of the policy, and said when it was paid she should have the money, but that when it was paid he wanted to use the money, and promised to give her his note, with interest at ten per cent. This was in 1883, and on April 10, 1886, he gave her a note for $2,000, which was the consideration for the deed in question. Hayford himself testified that he assigned the policy to his wife, and that she kept it until it was due, in 1883, when she delivered it to him for collection, and that he neglected to give her a note, as he had promised, until 1886. On the other hand, there was testimony tending to show that this insurance policy was pledged to Mr. Wallace, the husband of defendant, as security for a debt due him from said Hayford, and remained in his hands until his death, and until it was due, in 1883, when it was delivered to Hayford by order of the respondent, as representative of her deceased husband, and the money collected and paid over to her in satisfaction of the debt, or a portion of it, owing by said Hayford. This involved a contradiction of the statement that the policy was delivered by Hayford to his wife, and retained by her. The court evidently believed the statement of Mrs. Emeline Wallace. In this view the policy did not constitute a gift to the plaintiff for want of delivery of pos-

session, and did not serve as a valuable consideration for the note of April 10, 1886, made by Hayford to plaintiff. Again, according to all the statements, the policy of insurance was for $1,800. Hayford paid in premiums, after the alleged gift to his wife, the sum of say $900 from his own money, and then gave his wife a note for $2,000 on account thereof. There are a variety of minor circumstances disclosed by the record tending in the same direction, and which serve to create such a conflict in the evidence as to preclude our interposition to set aside the finding upon the ground that it is not supported by the evidence.

2. Appellant also attacks the third finding, wherein it is found that W. B. Hayford was at the date of the execution of the deed to his wife (December 7, 1886) insolvent and unable to pay his debts, and that among his creditors was defendant, whom he owed $2,500, etc. Upon this issue there was testimony tending to show that the firm of Hayford, Perkins & Co., in December, 1885, and December, 1886, owed some $35,000 to $40,000, and was possessed of assets in lands, buildings, book accounts, notes, etc., sufficient to meet all their liabilities and leave a balance of say $25,000 to $28,000; that Hayford owed several thousand dollars in individual debts, but had an interest in a colony known as "Chicago Park," which, in the opinion of witnesses, was worth, in 1886, from $20,000 to $30,000. This Chicago Park enterprise, it is easy to see, was a speculative business, with valuations fixed at "boom prices," and which was a disastrous failure, becoming worthless as an investment. There is no pretense that any considerable portion of the land was or could be sold in 1886 at any price. Hayford was sued for some $2,200, and a judgment obtained against him for that amount, which he was able to and did compromise for $1,100. He admitted that he was pushed by his creditors, and did not pay; and, notwithstanding the favorable showing as to assets, the stubborn fact remains that in the same month that Hayford conveyed the land in question to his wife, viz., December, 1886, the firm of Hayford, Perkins & Co. assigned all their property to one Egbert, for the benefit of their creditors; that said Egbert advanced $17,000 of his own funds to pay firm debts, and up to the time of trial of this cause (November, 1893) had not been able to reimburse himself from the firm assets for the money thus advanced, while Hayford had gone through in-

solvency. In the face of this testimony it is futile to argue against the sufficiency of the testimony to uphold the finding of insolvency on the part of W. B. Hayford on December 7, 1886.

3. Appellants further contend that the findings do not support the judgment. This question is not involved in an appeal from an order denying a motion for a new trial. Errors in the conclusions of law, drawn from the facts as found and in the judgment entered thereon, are not errors of law occurring during the course of the trial, but subsequent thereto, and can only be taken advantage of by an appeal from the judgment: Shepard v. McNeil, 38 Cal. 74; Martin v. Matfield, 49 Cal. 42; Jenkins v. Frink, 30 Cal. 595, 89 Am. Dec. 134. An error of the trial court in rendering conclusions of law which are not supported by the findings is an error which should be reviewed by a direct appeal from the judgment, and is not a "decision against law," for which a new trial should be granted: Shanklin v. Hall, 100 Cal. 26, 34 Pac. 636; In re Doyle, 73 Cal. 565, 15 Pac. 125; Mazkewitz v. Pimentel, 83 Cal. 450, 23 Pac. 527; Kirman v. Hunnewill, 93 Cal. 526, 29 Pac. 124; Brison v. Brison, 90 Cal. 323, 27 Pac. 186. Simmons v. Hamilton, 56 Cal. 493, which seems to hold a contrary doctrine, was concurred in by but two judges, and has not been followed.

A number of exceptions were taken at the trial to the admission and exclusion of evidence. We have examined them with care, and find them either groundless or not of sufficient importance to warrant a reversal. To discuss them at length would occupy much space, and, as they contain no novel questions, would be productive of no good. We recommend that the order appealed from be affirmed.

We concur: Vanclief, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is affirmed.