## CROOKS v. HARMON et al.

### No. 1588 (81 Pac. 95).

1. Appeal—Bill of Exceptions—Evidence.—Where a finding is challenged on appeal as not supported by sufficient evidence, it must affirmatively appear from the bill that it contains all the evidence or it will be presumed that there was other supporting evidence.

2. Same—Showing Presence of all Evidence.—"Testimony" is not the proper word to be employed in a bill of exceptions to show that it contains all the evidence, and to warrant an assignment of error that the evidence is insufficient to support a decision.

3. Same—Assignments of Error—Sufficiency.—Revised Statutes 1898, section 3283, provides that the final decision in an action is to be deemed to have been excepted to. *Held* that, where a judgment is based on findings of fact, an assignment of error directed against the judgment on the ground that it is not supported by the evidence raises no question as to sufficiency of the evidence to support the findings and presents no question for review.

(Decided May 26, 1905.)

Appeal from District Court, Utah County; Jno. E. Booth, Judge.

Suit by Thomas Crooks against Thomas Harmon and another. From a judgment in favor of plaintiff, defendants appeal.

Affirmed.

*J. W. N. Whitecotton* for appellants.

*M. M. Warner* and *D. D. Houtz* for respondent.

BARTCH, C. J.

The plaintiff brought this action to enjoin the defendants from selling certain real estate. He alleges that he is the owner of the property, and that the defendants, who are sheriff and deputy sheriff, respectively, are about to sell it under an execution issued upon a judgment in favor of D. N. Adamson and against William Crooks, James Crooks, and W. W. Mathews. The answer denies that the plaintiff is the owner of the property, and alleges that the real owner of it is James Crooks, one of the judgment debtors, and that the property was being sold in satisfaction of the judgment. At the trial the court found the issues in favor of the plaintiff, and entered a decree enjoining the defendants from selling the property. This appeal is from the judgment.

The appellants have made four assignments of error, and the first reads:

> "The court erred in rendering judgment in favor of plaintiff and against the defendants because the testimony in the case is insufficient to show that the plaintiff is the owner of the land in controversy, or any part of it; but, on the contrary, the testimony shows that the pretended conveyance from James Crooks to the plaintiff was merely for the purpose of defrauding the judgment creditor of James Crooks, to wit, D. N. Adamson, and that such purpose was shared by the plaintiff herein and the said pretended grantor."

The other assignments are in substantially the same form and of like character. The respondent insists that none of them can be considered by this court, because, as is urged, no objection or exemption has been presented by the appellants in such manner as to raise any question for determination.

Upon careful examination of the bill of exceptions and the assignments of error, we are of the opinion that the conten-

29 Utah—20

tion of the respondent is sound. It will be noticed from the assignment above quoted that the appellants claim that the court erred in rendering judgment in favor of the plaintiff, because the testimony is not sufficient to show that he is the owner of the land in dispute, etc.; but there is no claim that the evidence is insufficient to show the things to which the findings refer, and the bill of exceptions does not purport to contain all the evidence but simply all the testimony; and yet, where a finding or a decision is challenged on appeal, as we may assume, for the purpose of this argument, was the attempt here, upon the ground that the evidence is insufficient to support such finding or decision, it must affirmatively appear from the bill that it contains all the evidence, else the appellate court may indulge the presumption that there was other sufficient evidence, not contained in the bill of exceptions. This bill, only purporting to contain all the testimony, is therefore defective, because the words "testimony" and "evidence" are not synonymous terms. Testimony is evidence, but evidence may or may not be testimony, or may consist of more than testimony. The word "testimony" is a restricted, limited term, consisting only of the statements of witnesses, while the word "evidence" is a comprehensive term, embracing not only testimony, or the statements of witnesses, but also documents, written instruments, admissions of parties and whatever may be submitted to a court or jury to elucidate an issue or prove a case. Bouvier defines "testimony": "The statement made by a witness under oath or affirmation." Black defines "testimony": "Any species of proof or probative matter legally presented at the trial of an issue by the act of the parties, and through the medium of witnesses, records, documents, concrete objects, etc., for the purpose of inducing belief in the minds of the court or jury as to their contention." It seems thus apparent that "testimony" is not the proper word to be employed in a bill of exceptions to show that the bill contains all the evidence, and to warrant an assignment of error that the evidence is insufficient to support a decision. In *Lindley v. Dakin,* 13 Ind. 388, Mr. Justice Perkins said:

"It is said the judgment is wrong upon the evidence. But the record does not purport to bring the evidence in the cause before this court. It states that all the testimony is embodied in it. Testimony is not synonymous with evidence. It is but a species, a class, or kind of evidence. Testimony is the evidence given by witnesses. Evidence is whatever may be given to the jury as tending to prove a case. It includes the testimony of witnesses, documents, admissions of parties." etc.

Clearly, therefore, when, as here, in the concluding clause of a bill of exceptions, the word "testimony," instead of the word "evidence," is used to show that the bill contains all the evidence, no assignment of error based upon the insufficiency of the evidence presents a question which this court can consider, unless it appears affirmatively upon the face of the bill that no other species of evidence was introduced at the trial, except what is contained in the bill. In *McDonald v. Elfes,* 61 Ind. 279, it was said:

"Where, as in this case, the bill of exceptions concludes with the words, 'The above was all the testimony introduced on the trial of the above-entitled cause,' it must affirmatively and clearly appear on the face of the bill that no other species, class, or kind of evidence except testimony was introduced on the trial of the cause, or it will be held that the bill of exceptions is insufficient." (28 Am. and Eng. Ency. Law, 111, 112; 1 Greenl. Ev., c. 1, sec. 1; *Gazette Printing Co. v. Morse,* 60 Ind. 153; *Koehler v. Hughes,* 73 Hun 167, 25 N. Y. Supp. 1061; *McConaha v. Carr,* 18 Ind. 443; *Hyman v. Friedman* (Com. Pl.), 18 N. Y. Supp. 446; *Aldridge v. Aldridge,* 120 N. Y. 614, 24 N. E. 1022.)

If, however, we, notwithstanding our opinion that "testimony" is not the proper word to be employed in the certificate to a bill of exceptions, assume that this record shows upon

its face that it contains all the evidence, still it cannot avail the appellants. They claim, under the assignments, simply that the court committed error "in rendering judgment in favor of the plaintiff." They make no specific objection to any finding of fact. Their assignments amount merely to general attacks upon the judgment on the ground that the evidence is insufficient to sustain it. The judgment, however, is not based directly upon the evidence, but upon the findings; and in a case like this our statute, in section 3283, Revised Statutes 1898, gives each party an exception to the decision which embraces the findings, not to the judgment. Therefore assignments of error directed against the judgment upon the ground that the judgment is not supported by the evidence cannot be considered, as they present no question for review. It is true, a judgment may be erroneous, while the findings may be correct; but in such case, in order to correct the judgment, the specifications must show that the judgment is not sustained by the findings and not that it is not supported by the evidence. Or it may be that a judgment is supported by the findings, but is erroneous, because the evidence is insufficient to support the findings. Then, in such event, the specifications must show that the decision or the findings are not warranted by the proof. Such specifications therefore should attack the findings, not the judgment. "It has been frequently decided, and is well settled, that specifications which merely attack the judgment or conclusions of law cannot be considered." (2 Spelling, New Tr. and App. Pr. sec. 434; Hayne, New Tr. and App., sec. 150; *Coveny v. Hale,* 49 Cal. 552; *De Molera v. Martin,* 120 Cal. 544, 52 Pac. 825; *Mazkewitz v. Pimentel,* 83 Cal. 450, 23 Pac. 527; *Dawson v. Schloss,* 93 Cal. 194, 29 Pac. 31.) The record therefore presents no question which constitutes reversible error.

The judgment is affirmed, with costs.

McCARTY and STRAUP, JJ., concur.