## HANNAN BROS. v. WALTENSPIEL.

### No. 1660 (82 Pac. 859).

1. APPEAL — RECORD — TRANSCRIPT — STATEMENT — SUFFICIENCY.— Where the transcript on appeal does not contain a chronological arrangement of the proceedings and papers in the cause, and is not prefaced by an alphabetical index, required by Supreme Court rule 2 (49 Pac. xi), and there is no statement of the contents of each paper embodied in the transcript, as required by rule 6, nor any reference in any of the assignments of error to the pages of the abstract on which the error is based, the appeal will be dismissed.

2. EXCEPTIONS, BILL OF —INSUFFICIENT CERTIFICATION—STRIKING FROM FILES.—A bill of exceptions, not certified by the trial judge in the manner prescribed by law, will on motion be stricken from the record.

3. APPEAL—REVIEW OF EVIDENCE—CONDITION OF RECORD.—Where the bill of exceptions does not show that it contains all the evidence, erors relating to the sufficiency of the evidence to support the findings are not reviewable.

4. SAME—BRIEFS—REQUISITES.—A brief of an appellant, which contains an argument on the general proposition of the insufficiency of the evidence, based on no specific point, does not comply with Supreme Court rule 10 (40 Pac. xii), requiring appellant in his brief to plainly and distinctly set forth the particular errors on which he relies for a reversal.

(Decided November 14, 1905.)

APPEAL from District Court, Salt Lake County; W. C. Hall, Judge.

Action by Hannan Bros. against T. C. Waltenspiel. From a judgment for defendant, plaintiffs appeal.

DISMISSED.

*W. R. Hutchinson* for appellants.

*A. L. Hoppaugh* for respondent.

## APPELLANT'S POINTS.

The testimony shows conclusively that Spencer and Waltenspiel were partners and as such partner Spencer made this trip to Idaho and Montana, and sent these orders in to the plaintiffs; so that if there was any departure on the part of the plaintiffs from the strict letter of the contract this departure was made and had under the express orders and instructions, from Spencer, and Waltenspiel was, of course, bound by these instructions and orders, he being at the time a partner of Spencer."

"When there has once been an acceptance by the buyer it is absolutely binding and conclusive upon him. It renders him liable for the price agreed upon." (24 Am. and Eng. Ency. [2 Ed.], p. 1092.)

All the goods which are here sued for were charged to Waltenspiel direct according to his own instructions and were received by him or the purchasers for him and were all billed directly through Waltenspiel. None of the goods here sued for were sold in the name of the plaintiff. There is absolutely nothing in the record to show otherwise. The plaintiffs then were not precluded from suing upon the express contract. They were not precluded from suing upon the price agreed upon.

By his own actions, by his own directions already referred to, the defendant is estopped and precluded from setting up or maintaining any such special defense as is herein relied upon. 24 Am. and Eng. Law [2 Ed.], p. 1093, note 1; *Flag v. Dryden,* 24 Mass. [7 Pick.] 52; *Clinton v. Brown,* 41 Barb. 226; *Nicholas v. Benable,* 20 N. Y. Supp. 851; *Boas v. Thatcher Car Co.,* 28 N. Y. Supp. 659; *Baldwin v. Farnsworth* [Me], 25 Amer. Dec. 252; *Schopp v. Taft* [Ia.], 76 N. W. 843; *Gilbert v. Lichtenberg* [Mich.], 57 N. W. 259; *Childs Lum. Co. v. Page* [Wash.], 69 Pac. 373.)

## RESPONDENT'S POINTS.

Respondent has moved the court to strike the bill of exceptions from the files for the reason that the same is not certified by the district judges to contain all the evidence in the cause or by the proceedings in the cause, and because said

certificate does not identify the papers to which it is attached. The certificate is as follows: "The foregoing bill of exceptions, numbering from pages 1 to —— inclusive, is this 27th day of April, 1905, settled and signed. (Signed) Wm. C. Hall, Judge. T. D. Lewis, Judge." The certificate is appended to forty-four pages of typewritten manuscript beginning on page 170 of the transcript, and neither the certificate nor anything else within said forty-four pages of the bill of exceptions identifies, by the letter or number or otherwise, the depositions referred to in the abstract and brief and attached to the transcript, nor does it identify all of the exhibits and papers outside of the judgment roll which are attached to the transcript.

Said bill of exceptions, so-called, is not even certified to by the court reporter to contain all of the proceedings or evidence or testimony taken at the trial; and the ex-court stenographer's certificate purports only to be a transcript of the notes that he took, upon the trial, and does not show that he took notes of all the evidence, or of all the proceedings, upon the trial.

It will be observed that no assignment of error is argued except the general proposition that the evidence is insufficient, so that nothing arises in this cause for consideration except what is required to be shown by the bill of exceptions.

Where a finding is challenged on appeal as not supported by sufficient evidence it must appear affirmatively from the bill that it contains all the evidence or it will be presumed that there was other supporting evidence. (*Mining Co. v. Gisborn,* 21 Utah 73; *Olson v. Mining Company,* 24 Utah 460; *Fields v. Dairy Co.,* 25 Utah 76.)

Where the certificate of the trial court does not state that the bill of exceptions contains all the evidence, the sufficiency of the evidence will not be reviewed. (*Clough v. Kyne,* 51 Ill. App. 120; *Petree v. Fielder* [Ind.], 29 N. E. 271.)

A certificate should show that the bill contains all the evidence, and where it showed merely that it contained all the testimony it was held insufficient. (*Crooks v. Harmon* [Utah], 81 Pac. 95.)

The certificate here does not show that it contains all the testimony, much less all the evidence, and if here the judge is supposed to have adopted the certificate of Pike, it would be insufficient, for that such certificate is limited to whatever notes Pike took, and it does not appear that he took notes of all the proceedings or evidence; in fact, from the evidence set out by appellants in the abstract, as taken from a certain deposition, such evidence is not certified to at all by even the reporter. Respondent has moved to dismiss the appeal for the reason that the transcript is not prepared in accordance with the rules, and that there is no assignment of error sufficiently specific to entitle appellant to be heard thereon.

Rule 2 of this court requires that "The pleadings, proceedings and papers shall be chronologically arranged in the transcript and the pages of said transcript shall be numbered and the transcript shall be prefaced with an alphabetical index specifying the page on which each separate paper, pleading, proceeding, and the testimony of each witness is found."

The appellants are not entitled to be heard on the merits of the cause, for the following reasons: First, notwithstanding rule 10 of this court requires it, the appellants have not set forth plainly or distinctly or at all in their brief a single error relied upon for a reversal of the judgment. Nowhere in this record have the appellants set forth the particulars in which the evidence is alleged to have been insufficient. There certainly is not in the so-called bill of exceptions any exception based upon insufficiency of the evidence. The assignment of errors does not specify the particulars or any particular, wherein the evidence is insufficient. Each one of the assignments under this heading ends in these words: "That there is no evidence to justify such a finding."

Section 3284, Revised Statutes 1898, requires a specification of the particulars in which the evidence is alleged to have been insufficient. The following cases hold that the evidence will not be reviewed on appeal unless either in the bill of exceptions or in the assignments of error the particulars in which such evidence is alleged to have been insufficient

are specified. *Irrigation Company v. Fulton,* 23 Utah 466; *Genter v. Mining Company,* 23 Utah 165; *Van Pelt v. Park,* 18 Utah 141.

In *Genter v. Mining Company, supra,* this court said: "The appellants claim in argument that the evidence is insufficient to justify the verdict, but the exceptions taken or the petition in error does not specify the particulars in which such evidence is insufficient under section 3284, and hence we cannot review that question."

While there is nothing in the correspondence or conduct of Waltenspiel which would create an estoppel in favor of plaintiffs, yet if there were, an insuperable objection to appellants' contention on this point is that they have not pleaded the elements of an estoppel, nor any of them. An estoppel must be pleaded. (8 Enc. Pl. and Pr., 7; *Homberer v. Alexander,* 11 Utah 363; *Mining Co. v. Pascoe,* 24 Utah 60.)

It is an elemental principle that "One who refuses or fails to perform the conditions imposed upon him by the terms of a contract and shows no excuse for such refusal or failure cannot recover for the breach of the contract by the other party." (*The Alida,* 12 Fed. 343; *Baird v. Evans,* 21 Ill. 30; *Bishop v. Newton,* 20 Ill. 175; *Heaston v. Colgrove,* 3 Ind. 265; *Smith v. Cedar Rapids & M. R.,* 43 Ia. 239; *Golding v. Petit,* 20 La. Ann. 505; *Coats v. Cunningham,* 5 Md. 121; *Reynolds v. B. & M. R.,* 11 Neb. 186; *C. B. & Q. v. Cochran,* 43 Neb. 531; *Elliott v. Heath,* 14 N. H. 131; *Boyet v. Braswell,* 72 N. C. 260; *Warren v. Bean,* 6 Wis. 120.)

"The rule is equally established that where the covenants in a contract go to the entire consideration and effect the main purpose and object of the contract—its chief inducement—one party cannot recover unless he establishes that he has performed his part of the agreement or offered to do so, or that an effort to perform by him was rendered unnecessary by the refusal of the other party." (*Randolph v. Frick,* 37 Mo. App. 400; *Quigley v. Dehars,* 82 Pa. 267, a striking illustration of the rule; *Harris v. Sharpless,* 58 L. R. A. 214.)

BARTCH, C. J.

This action was brought against the defendant to recover a balance alleged to be due plaintiffs for merchandise sold and delivered. The defendant in his answer, as a defense, set up a breach of the contract under which the goods were to be shipped and delivered, and by way of counterclaim demanded judgment against the plaintiffs for damages. At the trial the court dismissed the action upon the merits, and entered judgment in favor of the defendant for costs. Thereupon this appeal was prosecuted.

The standing of the appellants in this court has been challenged, by a motion to dismiss the appeal, on the ground that the rules and practice of this court have been violated. Upon careful examination, we are of the opinion that this motion is well founded. There is in the transcript no chronological arrangement of the proceedings and papers in the cause, as required by rule 2 (49 Pac. xi), nor is the transcript prefaced by an alphabetical index specifying where each particular paper and the testimony of each witness may be found, as required by that rule. Many of the exhibits are not indexed at all and the pages of the transcript are not numbered properly. Nor does the abstract contain a brief statement, or any statement, of the contents of each paper of importance embodied in the transcript, as required by rule 6 ; and some of the papers, as they appear in the abstract, are so changed as to convey an erroneous impression. Nor is there any reference, in any one of the assignments of error, to the page of the abstract containing the exception upon which the error is based. These rules were adopted for the purpose of having cases presented to this court in a proper and intelligent manner, and must be obeyed.

We are also of the opinion that the motion to strike out the bill of exceptions is well taken, because the bill is not certified by the judge before whom the cause was tried, in the manner prescribed by law. There is nothing in the bill showing that it represents all the proceedings had and contains all the evidence introduced at the trial, or in the cause, and yet the principal error assigned, and the only ones argued in the appellants' brief, relate to the insufficiency of the evi-

dence to support the findings of fact. Such a bill of exceptions is clearly contrary to law and can answer no useful purpose.

It may also be observed that there is a failure to comply with rule 10 (49 Pac. xii), in not plainly and distinctly stating, in appellants' brief, each point relied upon for a reversal. Instead of a point, raised by an exception, being clearly and concisely stated and then an argument based thereon, there appears, in the brief, but an argument on the general proposition of the insufficiency of the evidence in the case, based upon no specific point. Notwithstanding these several failures to comply with our appellate procedure, however, if we were to pass upon the merits of this case, as presented in the record, our judgment would be that the lower court committed no reversible error.

For the reasons hereinbefore stated, the appeal must be dismissed, and the judgment affirmed, with costs. It is so ordered.

McCARTY, J., concurs. STRAUP, J., concurs in the result, affirming the judgment.