## SMITH v. OREGON SHORT LINE R. CO

No. 1677.   Decided March 7, 1906   (84 Pac. 108).

1. ESTOPPEL—EJECTMENT.—The owner of land, which a railroad company takes and incloses within its right of way is not estopped to maintain ejectment therefor by merely making no objection for three years; it not appearing that he had knowledge thereof, or that valuable or permanent improvements were made thereon, or that the company's entry was induced, or its occupancy sanctioned or acquiesced in by anything he said or did.

2. SAME—EJECTMENT BY GRANTEE.—The grantee of land is not estopped to maintain ejectment therefor, except for something done or said by him after the conveyance; the grantor not being estopped at the time of the conveyance.

APPEAL from Second District Court, Weber County; H. H. Rolapp, Judge.

Action by Nicholas Smith against the Oregon Short Line Railroad Company.   Judgment for plaintiff.   Defendant appeals.

AFFIRMED.

*P. L. Williams* for appellant.

*M. D. Lessenger* and *A. E. Pratt* for respondent.

We insist that the owner of the land at the time, and his grantee, the plaintiff, are by law estopped to recover the said lands. Upon this point we cite the court to the following cases: *Hanlon v. U. P. Ry. Co.* [Neb.], 58 N. W. 590; *Campbell v. Indiana, etc. Rd. Co.* [Ind], 30 A. & E. Rd., Cases, 304; *Pryzbylowicz v. Missouri River Rd. Co.,* 17 Fed. Rep. 492; *Waterworks Co. v. Kansas City,* 65 Fed. 691; *Texas & Pacific Ry. Co. v. Scott,* 77 Fed. 726; *Hendrix v. Southern Ry. Co.* [Ala], 23 A. & E. Rd. Cases, New Series 272; *Chicago B. & Q. R. R. Co. v. Englehart* [Neb.], 15 A. & E. Rd. Cases, New Series 404; *Louisville & Nashville Rd. Co. v. Smith,* 128 Fed. 1.

Occupancy and use of a strip of land by a railroad company, of roadbed, right of way and track and for the running of its trains, is sufficient notice of its equity to bind a purchaser from the original licensor. (3 Elliott on Railroads, sec. 949 and cases cited. *Marble v. Whitney,* 28 N. Y. 297; *Railroad v. B. & M. Rd. Co.,* 4 Fed. 298.; *Roberts v. Nor. Pac. Rd. Co.* 158 U. S. I.

In this case see especially the opinion of the court at pages 11 and 12. *Milwaukee & Nor. R. Co. v. Strange,* 63 Wis. 178; *Taylor v. Chicago M. & St. P. Ry. Co.,* 63 Wis. 327; *Maple Orchard Grove and Vineyard Co. v. Marshall,* 27 Utah 215.)

STRAUP, J.

1. This is an action in ejectment brought by respondent against the appellant. The findings show: That the respondent was the owner of a certain tract of land situate in Weber county. In 1874 the Utah Northern Railroad Company, a common carrier, entered upon the tract without objection or protest from the owner thereof, but without first obtaining his permission, and constructed its railroad thereon, and ever since, it and its successors operated the railroad without objection from any one. In 1897 the appellant acquired all the right, title, and interest of the Utah Northern

Railroad Company in and to its property, including all its rights in and to its roadbed, and it ever since continued to use and operate the said railroad over and across the said land as a part of its railroad system, without objection. In 1890 H. E. Gibson, then the owner of the tract, erected fences, one on each side of the railroad track, for the purpose of keeping his stock from straying thereon. The fences were so maintained from the time of their construction until April, 1900, when the appellant broadened and raised its roadbed and ballasted its track, at which time it removed the fences, no objection being made thereto, nor permission being given so to do by the owner of the land or any one claiming to be such owner, and, at the same time, appellant, without the permission of the owner of the land, erected new fences, one on each side of the track, inclosing an additional strip of land four feet wide on one side and eight feet wide on the other, and ever since so maintained the fences and continuously and exclusively used the strip so inclosed for the purpose of its road without objection or protest until in March, 1903, when the land was conveyed by Gibson to the respondent, who thereupon demanded from appellant possession of the entire tract, and notified it to vacate the same. Judgment was given in favor of respondent for the restitution of the additional strips so taken and inclosed by the appellant in 1900, together with $75.00 damages for their unlawful detention from March, 1903, the time when the respondent became the owner of the land, to the time of trial. Judgment was given in favor of appellant for the remainder of the tract, and for the land as originally taken and as occupied at the time of, and prior to the fencing in of the additional strips.

2. The findings are not assailed. No error is assigned with respect to them. The assigned errors relate only to the conclusions of law, and these are all that can be reviewed by us. (*Crooks v. Harmon,* 29 Utah 304, 81 Pac. 95.) Upon the findings as made, appellant contends that it was entitled to the possession of not only the ground awarded it, but also to the additional strips fenced in by it in 1900; the possession of which was awarded to the respondent. Upon the findings

as made the contention cannot prevail. Cases are cited by appellant to the effect, and it is urged by it that, when a railroad company has entered upon land with the consent or license of the owner, upon the faith of which permanent and valuable improvements have been made, or when the owner of the land has knowledge of the fact that the railroad company has entered his land and is proceeding to construct its road thereon, and remains inactive and permits it, to expend large sums of money for such purpose and to make permanent and valuable improvements without interfering or forbidding the company from so doing, such owner is estopped from evicting the company by an action of ejectment; and when he, thereafter conveys the land, his grantee is likewise estopped from maintaining such an action. In recognition of these principles the trial court awarded the appellant that portion of the tract decreed to it. As to this portion of the tract the findings show that it was entered upon thirty years ago, permanent and valuable improvements were made thereon, and it was, during all that time, continuously and exclusively occupied by the appellant and its predecessors for railroad purposes without objection or interruption. From these facts, a license to occupy may well be implied, and, at the time of the conveyance, respondent's grantor would be estopped from ejecting the appellant.

But these principles of law do not apply with equal force to the additional strips taken by the appellant in 1900. The finding of the court is that the fences erected by Gibson in 1890 and maintained for ten years, substantially fencing in appellant's right of way, were removed by appellant without permission being given by the owner of the land so to do, and without permission from the owner it erected new fences inclosing the additional strips. While it is found that these things were done without objection, no finding is made that they were done with the knowledge of the owner, nor that he acquiesced therein. Nor is there any finding that permanent and valuable, or any, improvements were made on the additional strips thus taken. While the findings show that in 1900 appellant widened and raised its roadbed and ballasted

its track, they do not show that any of these things were done on the additional strips taken, or that the strips were necessary for or in aid of such purposes. No finding is made that the appellant, on the strength or faith of anything done or said on the part of the owner of the land entered upon, or took the additional strips, or that it, in good faith, believed, or claimed that it had the right or permission so to do. So far as made to appear by the findings, appellant's taking of the additional strips was wholly unauthorized and unlawful. While an unauthorized taking of land for public use may be ratified by subsequent acts and conduct on the part of the owner, yet such ratification should not be implied merely from the fact of a delay or failure to object, especially when no permanent or valuable improvements are being made thereon. Ordinarily, the law does not compel one to protest against a wrongful entry upon his land at the peril of being held to ratify it. The statute has pointed out the mode by which a party seeking to obtain property for public use may do so lawfully. We see no reason why such mode was not nor why it cannot now be pursued. Cases are also cited to the effect that the grantee takes the land with the burdens imposed upon it and existing at the time of the conveyance. Of course, if respondent's grantor at the time of his conveyance was estopped from maintaining an action of ejectment for the additional strips taken, then likewise is the respondent estopped from maintaining such action. However, to say that respondent's grantor was so estopped, we must do so alone upon the finding that during a period of only three years he made no objection to appellant's taking the additional strips without a finding that he had knowledge thereof, and without a finding that valuable or permanent improvements were made thereon, or that appellant's entry was induced, or its occupancy sanctioned or acquiesced in by anything that he said or did.

Being of the opinion that the respondent's grantor, at the time of the conveyance, was entitled to maintain an action of ejectment against appellant for the additional strips, the respondent is not estopped from so doing after the conveyance

unless something was done or said by him thereafter to work an estoppel, which is not here claimed.

Let the judgment of the court below be affirmed, with costs. Such is the order.

McCARTY, J., concurs.

BARTCH, C. J.

Under the facts stipulated, found, and revealed by the evidence appearing in the record herein, I am of the opinion that the plaintiff has shown no right of recovery in this case, and therefore dissent from the affirmance of the judgment.