## STONE v. OGDEN PACKING CO.

No. 1704. Decided July 12, 1906 (85 Pac. 1004).

1. APPEAL AND ERROR — RECORD — BILL OF EXCEPTIONS —CERTIFICATE AS TO EVIDENCE.—A judge's certificate to a bill of exceptions, reciting: "Inasmuch as the foregoing matters do not otherwise appear of record, I hereby certify that this bill of exceptions has been by me settled and allowed"— does not show that the bill contains all the evidence, so as to justify a consideration on appeal of the sufficiency of the evidence.

2. SAME —INCORPORATION OF EVIDENCE — NECESSITY.— Where it is not made to appear that the bill of exceptions contains all the evidence as to certain points, objections to its insufficiency on such points cannot be considered on appeal.1

APPEAL from District Court, Weber County; J. A. Howell, Judge.

Action by Edward S. Stone against the Ogden Packing Company. From a judgment in favor of the plaintiff, defendant appeals.

AFFIRMED.

*James N. Kimball* for appellant.

*J. D. Skeen* for respondent.

1 Crooks v. Harmon, 29 Utah 304, 81 Pac. 95; Mitchell v. Jensen, 29 Utah 346, 81 Pac. 165; Hannan Bros. v. Waltenspiel, 29 Utah 466, 82 Pac. 859.

McCARTY, J.

The pleadings in this case presented issues which involved both legal and equitable questions. It is unnecessary, viewing the case as we do, to reproduce here the issues and facts in the case. The questions of facts were tried by a jury who returned a general verdict in favor of plaintiff. Special interrogatories, embodying the equitable issues in the case, were also submitted to the jury, upon which the jury returned a special verdict in favor of plaintiff. From the judgment entered upon the general and special findings of the jury, defendant has appealed.

The errors assigned and relied on by appellant for a reversal of the judgment relate to the alleged insufficiency of the evidence to justify the verdict. Respondent objects to a consideration of the errors assigned, on the ground that there is nothing in the bill of exceptions showing that it contains all the evidence introduced and submitted at the trial. The order of the Judge before whom the case was tried, settling and allowing the bill of exceptions, is as follows: "Inasmuch as the foregoing matters do not otherwise appear of record, I hereby certify that this bill of exceptions has been by me settled and allowed." There is nothing in this certificate or order of the judge showing, nor is it otherwise made to appear, that the bill of exceptions contains all the evidence, or even the substance thereof, introduced at the trial. This court has repeatedly held that for it to consider an error based upon the insufficiency of the evidence the record must affirmatively show that the bill of exceptions contains all the evidence bearing on the points wherein it is claimed the evidence is insufficient. (*Crooks v. Harmon,* 29 Utah 304, 81 Pac. 95; *Mitchell v. Jensen,* 29 Utah 346, 81 Pac. 165; *Hannan Bros. v. Waltenspiel,* 29 Utah 466, 82 Pac. 859.)

We are of the opinion, and so hold, that respondent's objection is well founded, and that we are precluded from considering the alleged errors complained of.

The judgment is affirmed with costs.

BARTCH, C. J. and STRAUP, J., concur.