CARTER v. CUMMINGS-NIELSON CO. (NAT. BANK OF THE REPUBLIC, Intervener).

No. 1857.    Decided August 25, 1908 (97 Pac. 334).

1. APPEAL AND ERROR—RECORD—SUFFICIENCY. Where the record does not purport to contain all the evidence, the Supreme Court is precluded from passing on the merits of the case, or reviewing errors relating to the insufficiency of the evidence to justify the decision.

2. SAME—"TESTIMONY"—"EVIDENCE." A certificate of the official stenographer "that the above and foregoing . . . contains

a full and correct transcript of my stenographic notes of the testimony taken and oral proceedings had on the trial," and an order of the judge settling the bill of exceptions reciting that the foregoing is "a correct transcript of the proceedings herein," do not show that the bill of exceptions contains all the evidence; the word "testimony" including only the oral statements of the witnesses while testifying, and not being synonymous with the word "evidence," including any species of proof submitted to a court or jury.[1]

3. SAME. Where findings of the trial court are challenged on appeal on the ground of the insufficiency of the evidence to sustain them, it must appear somewhere in the bill of exceptions that it contains all the evidence, or the appellate court will presume that there was evidence other than that disclosed by the record, which, considered in connection with the evidence in the bill of exceptions, was sufficient to sustain the findings.

APPEAL from District Court, Third District; M. L. Ritchie, Judge.

Action by W. C. Carter against the Cummings-Nielson Company, in which the National Bank of the Republic intervened. From a judgment in favor of plaintiff and the intervener, defendant appeals.

AFFIRMED.

*Farnsworth & Lund* for appellant.

*A. B. Sawyer* for respondent.

McCARTY, C. J.

This is an appeal from a judgment rendered in favor of plaintiff, W. C. Carter, and the National Bank of the Republic, intervener, and against defendant, the Cummings-Nielson Company.

The errors assigned relate only to the alleged "insufficiency of the evidence to justify the decision." The record does not purport to contain all the evidence produced at the

---

[1] Crooks v. Harmon, 29 Utah 304, 81 Pac. 95.

trial.   Therefore we are precluded from passing upon the merits of the case.   Attached to the transcript of the official stenographer's notes containing the testimony of the witnesses who testified in the case is his certificate, which recites "that the above and foregoing sixty-eight pages contains a full and correct transcript of my stenographic notes of the testimony taken and oral proceedings had on the trial of the above-entitled action."   The order of the judge allowing and settling the bill of exceptions recites that "the foregoing is a correct transcript of the proceedings herein, and I hereby sign, settle, and certify it as such."   It will thus be seen that neither the certificate of the stenographer nor the order of the judge shows that the bill of exceptions contains all the evidence.   Nor does it affirmatively appear elsewhere in the record that the bill contains all the evidence.   True, the certificate of the stenographer alleges that the transcript contains "the testimony taken and oral proceedings had on the trial."   But this falls far short of being a statement that all the evidence produced at the trial is contained in the bill of exceptions.   The word "testimony," when used as it is in the foregoing certificate, is not synonymous with evidence.   The former refers to and includes one species of evidence, namely, the oral statements made by witnesses while testifying; whereas, the latter is a generic term, and includes any species of evidence or proof submitted to a court or jury in the trial of a case. In the case of *Crooks v. Harmon,* 29 Utah 304, 81 Pac. 95, this court, speaking through Mr. Chief Justice Bartch, said:

"The word 'testimony' is a restricted, limited term, consisting only of the statements of witnesses, while the word 'evidence' is a comprehensive term, embracing not only testimony, or the statements of witnesses, but also documents, written instruments, admissions of parties, and whatever may be submitted to a court or jury to elucidate an issue or prove a case."

For a further discussion and illustration of this question, see 3 Words & Phrases, 2523.   It is therefore settled in this jurisdiction that where, as in this case, findings of the trial

court are challenged on appeal on the ground of the alleged insufficiency of the evidence to sustain them, it must appear somewhere in the bill of exceptions that it contains all of the evidence, otherwise the appellate court will indulge in the presumption that there was evidence produced at the trial other than that disclosed by the record, which, considered in connection with the evidence in the bill of exceptions, was sufficient to sustain the findings.

The judgment is affirmed, with costs.

STRAUP and FRICK, JJ., concur.